**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **MARTEZ GRIFFIN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Civil Action No. 2:21-00434** |
| | ) | |
| **SHELBY SEARLS,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) Respondent's "Motion to Dismiss and for Summary Judgment" (Document No. 20), filed on November 8, 2021; and (2) Petitioner's "Motion for Stay and Abeyance and Alternative Motion for Dismissal Without Prejudice of § 2254 Petition" (Document No. 27), filed on January 10, 2022. By Standing Order entered on August 3, 2021, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 9.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court find that Petitioner has filed a mixed Section 2254 Petition containing both exhausted and unexhausted claims, find Petitioner has failed to exhaust all available State remedies, deny Petitioner's Motion to the extent he requests a stay and abeyance, grant Petitioner's Motion to the extent he requests dismissal without prejudice, and deny Respondent's "Motion to Dismiss and for Summary Judgment."

**PROCEDURE AND FACTS**

1.  **Case No. 16-F-150:**

By letter dated October 14, 2015, Attorney Clinton Smith notified Petitioner that he had

been appointed to represent Petitioner in his criminal proceedings. (Document No. 19-2.) On October 23, 2015, Petitioner waived his preliminary hearing in exchange for the State providing early discovery. (Document No. 19-3.) By letter dated January 20, 2016, Petitioner notified Attorney Smith that he had questions concerning his case and would like to meet with him at the South Central Regional Jail. (Document No. 27-2.) By letter dated February 1, 2016, Petitioner again informed Attorney Smith that he had questions concerning his case and would like to meet with him at the South Central Regional Jail. (Document No. 27-3.) By letter dated February 24, 2016, Petitioner requested that Circuit Court Judge Louis Bloom appoint Petitioner a second attorney. (Document No. 19-4.) By letter dated March 16, 2016, Petitioner notified Judge Bloom that he wished to fire Attorney Smith because Attorney Smith was not representing Petitioner "to the best of his ability." (Document No. 19-5.) By a letter also dated March 16, 2016, Petitioner notified Attorney Smith that he was dissatisfied with his representation and "would like [him] to set [Petitioner] up with a court date so [Petitioner] can fire [him] and get someone who takes this case serious." (Document No. 27-1.) The Circuit Court did not respond to the above letters.

On March 31, 2016, the Grand Jury of Kanawha County, West Virginia, returned a two-count Indictment against Petitioner and several co-defendants. (Document No. 19-6.) Specifically, Petitioner was charged with one count of First Degree Robbery and one count of First Degree Murder. (Id.) On May 6, 2016, Movant pled guilty to First Degree Robbery and in exchange the State agreed to a binding sentencing recommendation of a determinate term of 60 years imprisonment. (Document Nos. 19-8, 19-9, 19-10, 19-11, 19-12.) On May 26, 2016, the Circuit Court imposed a determinate term of 60 years imprisonment as agreed to by the parties. (Document No. 19-13.) By letter filed on June 1, 2016, Petitioner requested instructions from the

2

Circuit Court Clerk regarding the filing of a "motion for sentencing as a youthful offender" and a direct appeal. (Document No. 27-5.)

On June 21, 2016, Petitioner filed his Notice of Appeal with the Supreme Court of Appeals of West Virginia ("SCAWV") asserting that he received an excessive sentence. (Document No. 19-15.) (Id.) Petitioner filed a Motion to Reconsider in the Circuit Court on August 5, 2016, and the Circuit Court denied the Motion on September 6, 2016. (Document Nos. 19-16 and 19-17.) On September 22, 2016, Petitioner, by counsel, Matthew A. Victor, filed with the SCAWV an *Anders* Brief arguing as follows:

> There are no discernible meritorious assignments of error which are capable of being raised in this district criminal appeal. By virtue of the guilty plea the Petitioner waived any non-jurisdictional rights available to him, and therefore, the grounds for an appeal. The Petitioner now raises, for the first time, his dissatisfaction with the sixty (60) year sentence as well as with the performance of his trial counsel. Arguably, the only discernible issue discussed with Petitioner was the issue of interception of (and the subsequent suppression of the confession by) the Petitioner in Arkansas through the "pining" of his cellular phone were it not for the waiver of the pre-trail rights through the guilty plea. No objections or arguments have been raised now.
>
> * * *
>
> Pursuant to Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure, the Petitioner may wish to raise in his supplemental *pro-se* brief, the issues of his improper apprehension in Arkansas and his subsequent confession, the claim of the excessive sentence and an alleged disparity of his sentence to that of his co-defendants, in light of his diminished culpability in the participation in the alleged crime. Furthermore, the Petitioner may wish to raise the claim of ineffective assistance of counsel, the claim not recognized, by this court, on direct appeal . . . unless the trial counsel's ineffectiveness can be clearly and conclusively demonstrated on the existing record.

(Document No. 19-18)(internal citations omitted.) By a Memorandum Decision entered on June 9, 2017, the SCAWV affirmed the Circuit Court's sentencing Order. State v. Griffin, 2017 WL 2492799 (W. Va. Sup. June 9, 2017).

3

2.    **First State *Habeas* Petition:**

On October 31, 2017, Petitioner, acting *pro se*, filed his Petition for Writ of *Habeas Corpus* in the Circuit Court of Kanawha County. (Document No. 19-19.); Griffin v. Williams, Case No. 17-P-406 (Cir. Ct. Kanawha Co.). As grounds for relief, Petitioner asserted that trial counsel was ineffective based on the following: (1) Trial counsel failed to "check out an 'actual innocence' claim;" (2) Trial counsel's actions resulted in a coerced a plea agreement; (3) Trial counsel "put forth errors that he knew or should have known, belonged in the vehicle of habeas corpus (ineffective assistance) mandating reversal for a new appeal proceedings;" and (4) Trial counsel failed to file a Motion for Reduction of Sentence. (Id.) By Order filed on February 15, 2018, the Circuit Court appointed Elizabeth Kavitz as counsel to represent Petitioner and granted counsel until May 31, 2018, to file an Amended *Habeas* Petition on behalf of Petitioner. (Document No. 19-20.) On September 5, 2018, Petitioner, by counsel, filed an Amended *Habeas* Petition asserting the following: (1) Involuntary guilty plea; (2) Ineffective assistance of counsel; (3) Defects in Indictment; and (4) Severer sentence than expected/excessive sentence. (Document No. 19-21.) Petitioner also filed his *Losh* List. (Id., pp. 11 – 12.) The Circuit Court conducted an omnibus hearing on March 21, 2019. (Document No. 19-22.) The Circuit Court heard testimony from the following: (1) Clinton Smith, Petitioner's trial counsel; and (2) Petitioner. (Id.) By Order filed on July 2, 2019, the Circuit Court denied Petitioner's *habeas* Petition. (Document No. 19-23.)

On July 29, 2019, Petitioner, by counsel, Attorney Kavitz, filed his appeal concerning the Circuit Court's decision denying his *habeas* Petition. (Document No. 19-24.) On November 22, 2019, Petitioner, by counsel, filed his brief raising the following grounds:

4

1.    Petitioner's [trial] counsel did not effectively assist him in the underlying criminal case.

2.    Petitioner's sentence is excessive and beyond the discretion of the lower court.

(Id.) By Memorandum Decision filed on February 19, 2021, the SCAWV affirmed the decision of the Circuit Court. Griffin v. Williams, 2021 WL 659528 (W. Va. Feb. 19, 2021).

**3.    Section 2254 Petition:**

On July 8, 2021, Petitioner, acting *pro se*,[1] filed in the Northern District of West Virginia his Motion for Leave to Proceed *in Forma Pauperis* and Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody. (Document Nos. 1 and 2.) In his Petition, Petitioner alleges ineffective assistance of counsel as the sole ground for *habeas* relief. (Document No. 1.) In support, Petitioner states as follows: "I was denied a second attorney upon my request. The lawyer that I had, Mr. Clinton W. Smith, did not show me evidence that was in my Motion for Discovery. I fired Clinton Smith through a letter I sent him and Judge Louis Bloom." (Id.)

By Order entered on August 2, 2021, the Northern District of West Virginia transferred the above action to this Court. (Document No. 7.) By Order entered on September 1, 2021, the undersigned denied Petitioner's Motion to Proceed *in Forma Pauperis*. (Document No. 12.) On September 3, 2021, Petitioner paid the $5.00 filing fee. (Document No. 13.) On September 8, 2021, the undersigned directed Respondent to file an Answer to Petitioner's Petition and show cause, if any, why the relief sought should not be granted. (Document No. 14.) On November 8, 2021, Respondent filed a "Motion to Dismiss and for Summary Judgment," Memorandum in

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Support, and Exhibits. (Document Nos. 19 and 20.) Respondent argues that although Petitioner only raises a single ground in his Petition, "that singled ground includes two separate contentions." (Document No. 20, p. 12.) As to Petitioner's claim that he was denied a second attorney upon his request, Respondent argues that this claim is unexhausted and procedurally defaulted. (Id., pp. 12 – 18.) As to Petitioner's claim that trial counsel was ineffective regarding trial counsel's failure to show him discovery evidence, Respondent argues that Petitioner's claim is without merit. (Id., pp. 19 – 24.) Respondent concludes that Petitioner's claim that "he was denied second counsel should be dismissed, and Respondent is entitled to summary judgment pertaining to Petitioner's allegation that he suffered from ineffective assistance of counsel." (Id.)

On November 9, 2021, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondents' "Motion to Dismiss and for Summary Judgment" (Document No. 22.) On January 10, 2022, Petitioner filed his "Motion for Stay and Abeyance and Alternative Motion for Dismissal, Without Prejudice, of § 2254 Habeas Petition." (Document No. 27, pp. 1 - 5.) Petitioner first requests that the above matter be stayed "until he can exhaust all available remedies in the Circuit Court of Kanawha County, West Virginia and the West Virginia Supreme Court concerning the ineffectiveness of prior habeas counsel that deal with said prior habeas counsel's not raising certain grounds that relate to the effectiveness of trial counsel." (Id.) In the alternative, Petitioner requests dismissal without prejudice. (Id.) In support, Petitioner states that "his habeas counsel knew during the habeas proceedings, but did not raise, the ground that his trial counsel [1] was aware of the request for a second attorney but failed to motion the court for appointment of second counsel, and [2] also failed to motion the circuit court for a *Watson* Hearing to determine if new counsel should be appointed to represent Petitioner." (Id.) Petitioner

states that he recently discovered that "habeas counsel was ineffective in several areas to include seven other instances in which habeas counsel failed to raise colorable claims of ineffective assistance of trial counsel." (Id.) Petitioner further states that he has a ground of newly discovered evidence pending in the State court. (Id.) Petitioner states that he filed his second State h*abeas* Petition with the Circuit Court of Kanawha County on December 17, 2021. (Id.) As grounds concerning ineffective assistance of counsel, Petitioner asserts the following:

1. Trial counsel's failure to alert the trial court of Petitioner's request for a second attorney and failure to ask for a *Watson* Hearing to determine if new counsel or a second attorney should be appointed.

2. Trial counsel's failure to ask the trial court for placement in the Anthony Center after assuring the Petitioner he would be sentenced to the Anthony Center at his sentencing.

3. Trial counsel's failure to disclose to the Petitioner all the evidence against, and for him, prior to the acceptance of the plea offer.

4. Trial counsel's failure to attempt to remedy the defective indictment in the case.

5. Trial counsel's failure to properly investigate the circumstances of the case.

6. Trial counsel's breach of confidentiality involving an attorney representing a co-defendant who had given inculpatory statements against the Petitioner and who was prepared to testify against the Petitioner.

7. Trial counsel's failure to investigate the Petitioner's prior life circumstances before sentencing.

8. Trial counsel's failure to object to unfair and mislead statements made by the prosecutor at the Petitioner's sentencing hearing.

(Id.) Concerning his claim of newly discovered evidence, Petitioner argues "that monies held by Arkansas State Police, and not discovered until after his habeas process in the State was final, could have been used to implement a viable defense for the Petitioner to show him innocent or to have been less culpable than was suggested by the prosecution." (Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of his second State *habeas* Petition (Document No. 27, pp. 6 – 22); (2) A copy of a letter addressed to Attorney Smith dated March 16, 2016, wherein Petitioner requests counsel to "set me up with a court date so I can fire you . . ." (Document No. 27-1); (3) A copy of a letter addressed to Attorney Smith dated January 20, 2016, wherein Petitioner requests that that counsel meet with him at South Central Regional Jail to discuss his case (Document No. 27-2); (4) A copy of a letter addressed to Attorney Smith dated February 1, 2016, wherein Petitioner again requests that that counsel meet with him at South Central Regional Jail to discuss his case (Document No. 27-3); (5) A copy of "Defendant's Statement in Support of Guilty Plea" as filed on May 6, 2016 (Document No. 27-4); (6) A copy of Petitioner's letter addressed to the Clerk of Kanawha County as filed on June 1, 2016, inquiring about filing a motion for sentencing as a youthful offender and an appeal (Document No. 27-5); (7) A copy of Petitioner's Motion for Reconsideration of Sentence dated May 6, 2016 (Document Nos. 27-6 and 27-7); (8) A copy of Petitioner's Indictment (Document No. 27-8); (9) A copy of Petitioner's "Questions for Habeas Corpus Hearing" (Document No. 27-9); (10) A copy of Petitioner's letter addressed to Judge Bloom dated March 16, 2016, stating that he wants to fire Attorney Smith (Document No. 27-10); (11) A copy of Petitioner's letter addressed to Judge Bloom dated February 24, 2016, inquiring about the appointment of a second attorney (Document No. 27-11); (12) A copy of Petitioner's letter addressed to Attorney Elizabeth Kavitz dated October 9, 2018, regarding Petitioner's *habeas* proceedings (Document No. 27-12); (13) A copy of a letter addressed to the Clerk of Kanawha County Circuit Court dated March 31, 2020, requesting a copy of his grand jury transcripts and his "whole case file" (Document No. 27-13); (14) A copy of a Complaint filed by Petitioner with the Lawyer Disciplinary Board against Attorney Kavitz dated March 16, 2020 (Document No. 27-14); (15) A copy of Petitioner's

Appeal Brief as filed with the SCAWV concerning Case No. 17-P-406 (Document No. 27-15); (16) A copy of a letter from Attorney Kavitz addressed to Petitioner dated April 6, 2020, regarding the return of $4,160.00 seized at the time of his arrested in Arkansas (Document No. 27-16); (17) A copy of a letter dated June 22, 2020, from the Arkansas State Police addressed to Petitioner noting the return of seized property (Document No. 27-17); (18) A copy of Petitioner's visitor list (Document No. 27-18 and 27-21); (19) A copy of Petitioner's calculation of his statute of limitations period (Document No. 27-19); (20) A copy of the "New Grounds filed in 21-P-435 in Kanawha County Circuit Court on December 17, 2021" (Document No. 27-20); and (21) A copy of an "Order Setting Briefing Schedule and Appointing Counsel" as filed on January 4, 2022, in the Circuit Court of Kanawha County in Case No. 21-P-435 (Document No. 30.)

Respondent did not file a Response to Petitioner's "Motion for Stay and Abeyance and Alternative Motion for Dismissal, Without Prejudice, of § 2254 Habeas Petition."

**4.     <u>Second State Habeas Petition</u>:**

On December 17, 2021, Petitioner, acting *pro se*, filed his *pro se* Petition for Writ of *Habeas Corpus* in the Circuit Court of Kanawha County. (Document No. 27, pp. 7 - 22.); <u>Griffin v. Searls</u>, Case No. 21-P-435 (Cir. Ct. Kanawha Co.). As grounds for relief, Petitioner asserts the following:

1.     Ineffective assistance of prior *habeas* counsel in violation of the Sixth Amendment of the United States Constitution. Petitioner claims *habeas* counsel, Attorney Kravitz, was ineffective in failing to assert the following claims of ineffective assistance of trial counsel:

   (a)     Trial counsel's failure to alert the trial court of Petitioner's request for a second attorney and failure to ask for a *Watson* Hearing to determine if new counsel or a second attorney should be appointed.

   (b)     Trial counsel's failure to ask the trial court for placement in the Anthony Center after assuring the Petitioner he would be sentenced to the Anthony Center at his sentencing.

(c)     Trial counsel's failure to disclose to the Petitioner all the evidence against, and for him, prior to the acceptance of the plea offer.

(d)     Trial counsel's failure to attempt to remedy the defective indictment in the case.

(e)     Trial counsel's failure to properly investigate the circumstances of the case.

(f)     Trial counsel's breach of confidentiality involving an attorney representing a co-defendant who had given inculpatory statements against the Petitioner and who was prepared to testify against the Petitioner.

(g)     Trial counsel's failure to investigate the Petitioner's prior life circumstances before sentencing.

(h)     Trial counsel's failure to object to unfair and mislead statements made by the prosecutor at the Petitioner's sentencing hearing.

2.     Attorney Kravitz was ineffective based upon the following:

(a)     Failing to adequately question Petitioner and trial counsel during the omnibus hearing.

(b)     Failing to file a Petition for Rehearing with the SCAWV to correct factual inaccuracies in its decision.

(c)     Failing to obtain the underlying grand jury transcripts to support Petitioner's claim that false evidence was submitted to the grand jury.

(d)     Failing to communicate with Petitioner prior to perfecting his habeas appeal.

(e)     Failing to argue that Petitioner's appellate counsel, Matthew Victor, was ineffective in filing Petitioner's direct appeal.

3.     Newly discovered evidence. Petitioner states that on April 6, 2020, Petitioner learned that the Arkansas State Police supposedly seized $4,160 in cash at the time of Petitioner's arrest. Petitioner claims this evidence could have been exculpatory in nature. Petitioner states that if he had $4,160 in Arkansas upon his arrest then the amount supposedly found on his co-defendant had to have been fabricated or inflated as the two defendants had to have had only $600.00 between them at the time of their arrest, or alternatively, the amount of money taken during the alleged robbery was underestimated.

10

(Id.) By Order filed on January 4, 2022, the Circuit Court appointed Ronald N. Walters, Jr. as counsel to represent Petitioner and granted counsel until April 1, 2022, to file an Amended *Habeas* Petition on behalf of Petitioner. (Document No. 30.) The Circuit Court further set forth briefing deadlines and scheduled an omnibus hearing for July 7, 2022. (Id.)

## THE APPLICABLE STANDARD

In Section 2254 proceedings, the familiar standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to motions to dismiss. See Walker v. True, 399 F.3d 315, 319, n. 1. (4th Cir. 2005); also see Rules Governing Section 2254 Cases in the United States District Courts, Rule 12 (The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2254 proceedings). A motion to dismiss a Section 2254 petition under Rule 12(b)(6) "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true." Walker v. Kelly, , 139 (4th Cir. 2009)(citing Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). The court, however, is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014)(quoting Blankenship v. Manchin, 471 F.3d 523, 529 (4th Cir. 2006). When assessing whether the Section 2254 petition states a claim for relief, the court must consider "the face of the petition any attached exhibits." Wolfe, 565 F.3d at 169 (internal quotations omitted). The court may also consider such exhibits and matters of public record, such as documents from prior state court proceedings, in conjunction with a Rule 12(b)(6) motion without having to convert the motion to one for summary judgment. Walker, 589 F.3d at 139.

## ANALYSIS

1.    **Failure to Exhaust:**

In Respondent's Motion, Respondent argues that Petitioner filed a mixed Petition containing both an exhausted and unexhausted claim. (Document No. 19 and Document No. 20, pp. 12 – 18.) Concerning Petitioner's claim that he was denied a second attorney upon his request to the trial court, Respondent argues that this claim is unexhausted and procedurally defaulted. (Id., pp. 12 – 18.) Respondent asserts that "[b]ased upon the clearly established precedent in Losh, supra, such a claim cannot be considered through a subsequent state habeas corpus proceeding, as the Petitioner has been aware of his alleged impropriety since early 2016, and, yet, has never raised the issue until his instant federal habeas petition." (Id., pp. 15.) Respondent argues that "Petitioner explicitly waived the issue of 'denial of counsel'" in his Losh list. (Id., p. 16.) Finally, Respondent claims that "Petitioner has not demonstrated any cause or prejudice or miscarriage of justice that would excuse the procedural default." (Id., pp. 17 – 18.)

In response, Petitioner filed his "Motion for Stay and Abeyance and Alternative Motion for Dismissal Without Prejudice of § 2254 Petition." (Document No. 27.) Petitioner acknowledges that he filed a mixed Petition and his claim concerning the denial of a second attorney is unexhausted. (Id.) Petitioner, however, states that "his habeas counsel knew during the habeas proceedings, but did not raise, the ground that his trial counsel [1] was aware of the request for a second attorney but failed to motion the court for appointment of second counsel and [2] also failed to motion the circuit court for a *Watson* Hearing to determine if new counsel should be appointed to represent Petitioner." (Id.) Petitioner further notes that he recently discovered new evidence regarding cash that was allegedly confiscated at the time of his arrest, which is exculpatory in nature. (Id.) Petitioner states that he has now filed a second State *habeas* Petition asserting the foregoing claims, which is now pending before the Circuit Court. (Id.)

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that state prisoners must exhaust available state remedies prior to filing a § 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); see also, McDaniel v. Holland, 631 F.Supp. 1544, 1545 (S.D. W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in state court, or (2) the Petitioner's claims will be deemed exhausted if no state remedies are currently available. See Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair presentation requires the Petitioner to (1) present the same claims (2) to all appropriate state courts. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds*, United States v. Barnette, 644 F.3d 192 (4th Cir. 2011). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles' 'must be presented to the state court." Id. (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). Although it is unnecessary to cite "book and verse on the federal constitution," "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." See Picard, 404 U.S. at 278, 92 S.Ct. at 514; Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982)(internal citations omitted); Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000). The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Matthews, supra, 105 at 911. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting

claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 886, 130 L.Ed.2d 865 (1995); see also Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004)(stating that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'"). Petitioner must also provide the state court with the facts supporting the claimed constitutional violation and "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). The requirement of presentation of the same claim to all appropriate state courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to the state's highest court on either direct or collateral review. Id. at 844, 119 S.Ct. at 1732. In West Virginia, prisoners may exhaust their available State court remedies by the following: (1) stating cognizable federal constitutional claims in a direct appeal to the West Virginia Supreme Court of Appeals; (2) stating cognizable federal constitutional claims in a petition for a writ of *habeas corpus* in a State circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the West Virginia Supreme Court of Appeals; or (3) filing a petition for writ of *habeas* corpus under the West Virginia Supreme Court's original

14

jurisdiction and receiving a dismissal with prejudice.[2] Moore v. Kirby, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); McDaniel v. Holland, 631 F.Supp. 1544, 1545-46 (S.D.W.Va. 1986).

Generally, a federal district court may not review a Section 2254 petition unless there has been "total exhaustion" of the presented issues. Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); also see Preiser v. Rodriguez, 411 U.S. 475, 477, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)(When a petitioner fails to exhaust his state court remedies, a federal *habeas* petition should be dismissed.) When a petitioner presents a mixed petition under § 2254, that is a petition containing claims that are both exhausted and unexhausted, the District Court may (1) dismiss the petition in its entirety; (2) order a stay and abeyance while the petitioner exhausts his claims in State Court; or (3) allow petitioner to remove the unexhausted claim claims and proceed with the exhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77, 125 S.Ct. 1528, 161 L.E.2d 440 (2005). "[N]otwithstanding the failure of an applicant to exhaust the remedies available in the courts of the state," a district court may deny the unexhausted claims on the merits. 28 U.S.C. § 2254(b)(2); also see White v. Keller, 2013 WL 791008, * 5 (M.D.N.C. March 4, 2013). To be excused from the exhaustion requirement, Petitioner must establish that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The foregoing statutory exceptions apply "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981). "State remedies

---

[2] An original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the petitioner's state court remedies. *See Moore*, 879 F.Supp. at 593; *McDaniel*, 631 F.Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-09 (4th Cir. 1990)(*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997)).

may be rendered ineffective by inordinate delay or inaction in state proceedings." Ward v. Freeman, 46 F.3d 1129 (4th Cir. 1995)(unpublished table decision); Farmer v. Circuit Court of Md. for Balt. City., 31 F.3d 219, 223 (4th Cir. 1994)("There is . . . authority for treating sufficiently diligent, though unavailing, efforts to exhaust as, effectively, exhaustion, and for excusing efforts sufficiently shown to be futile in the face of state dilatoriness or recalcitrance.").

The undersigned finds that Petitioner's claim that he was improperly denied a second attorney during his underlying criminal proceedings is unexhausted[3] and there is no allegation or indication that Petitioner should be excused from the exhaustion requirement. Nevertheless, a claim that has not been presented to the state's highest court "may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000)(citing Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2081, 135 l.Ed.2d 457 (1996)); also see Coleman v. Thompson, 501 U.S. 722, 732, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991)("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him.") Although such claims are technically exhausted, the procedural default doctrine applies to those claims in a subsequent Section 2254 proceeding. See Clagett v. Angelone, 209 F.3d 370, 378 (4th Cir. 2000)("If claims were not exhausted in state court but would now be procedurally barred if brought in state court, then federal courts can treat the claims as if they were procedurally defaulted in the state courts.") The procedural default doctrine prevents a federal court from hearing a claim that has

---

[3] Although Petitioner has not sought permission to amend his Section 2254 Petition, it appears that Petitioner is attempting to exhaust additional *habeas* claims in his second State *habeas* petition that were not included in his pending Section 2254 Petition.

been, or would be, disposed of on "adequate and independent state-law grounds, unless the petitioner can show cause and prejudice for, or a fundamental miscarriage of justice resulting from, failure to comply with the applicable rule." See Bostick v. Stevenson, 589 F.3d 160, 164 (4th Cir. 2009). West Virginia Code § 53-4A-1(c) creates a rebuttable presumption that a state *habeas* petitioner knowingly and intelligently waives any claim that could have been, but was not, presented during the state *habeas* proceedings. Thus, the foregoing procedural bar "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal *habeas corpus* review of the default claim, unless the petitioner can demonstrate cause and prejudice of the default.'" See Hayes v. Plumley, 2016 WL 5662037, * 4 (S.D.W.Va. Sep. 30, 2016)(citing Coleman, 501 U.S. at 732, 111 S.Ct. at 2555); also see Green v. Ballard, 2015 WL 1612198, * 5 (S.D.W.Va. April 10, 2015)(recognizing that W.Va. Code § 53-4A-1(c) is "an adequate and independent state ground" for purposes of procedural default). The Fourth Circuit has recognized that "procedural default is excusable under the cause and prejudice standard when the petitioner demonstrates (1) that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule, and (2) that errors at his trial . . . worked to his *actual* and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." Wolfe v. Johnson, 565 F.3d 140, 158, n. 27 (4th Cir. 2009)(internal citations omitted). Generally, ineffective assistance of *habeas* counsel is not considered an external factor that would excuse the failure to exhaust a claim for *habeas corpus* relief. See Maples v. Thomas, 565 U.S. 266, 280, 132 S.Ct. 912, 922, 181 L.Ed.2d 807 (2012)(citation omitted)("Negligence on the part of a prisoner's postconviction attorney does not qualify as cause.'"). In Martinez v. Ryan, however, the Supreme Court recognized a limited exception. Martinez v. Ryan, 556 U.S. 1, 17, 132 S.Ct. 1309, 1320, 182 L.Ed.2d 272 (2012). The Supreme

Court held "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Id. This limited exception does not extend to ineffective assistance of appellate counsel. Id., 556 U.S. at 16, 132 S.Ct. at 1320(stating that the exception "does not concern errors in . . . appeals from initial-review collateral proceedings); also see Davila v. Davis, ___ U.S. ___, 137 S.Ct. 2064, 2065, 198 L.Ed.2d 603 (2017)(decline to expand the *Martinez* exception to the distinct context of ineffective assistance of appellate counsel). Finally, the Fourth Circuit has stated that "[i]f any reasonable possibility exists that the state court may apply an exception to its procedural default rule, the federal court should not apply a state procedural bar to find that exhaustion is futile." Meadows v. Legursky, 904 F.2d 903, 909 (4th Cir. 1990), abrogated on other grounds by, Trest v. Cain, 522 U.S. 87, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997).

In the instant case, Petitioner argues that his procedural default is excusable because the unexhausted claim is the result of ineffective assistance of *habeas* counsel. The record reveals that Petitioner's second State *habeas* Petition is currently pending before the Circuit Court. The record indicates that the Circuit Court intends to address the merits of Petitioner's claims as the Circuit Court has appointed *habeas* counsel, entered briefing deadlines, and scheduled an omnibus hearing for July 7, 2022. (Document No. 30.) Thus, the undersigned finds there is a reasonable possibility that the State court may apply an exception to its procedural default rule. See Clement v. Ballard, 2015 WL 6690158, * 9 (S.D.W.Va. Sept. 22, 2015)(finding procedural default was inapplicable because there was a reasonable possibility that the State might address petitioner's unexhausted grounds on the merits given petitioner's claim that his unexhausted

claims were the result of ineffective assistance of habeas counsel); Bennett v. Ames, 2019 WL 8054945, * 7, fn. 1 (S.D.W.Va. Oct. 28, 2019)("[B]ecause it is not presently clear from the record before this court whether the state courts would reject a new habeas corpus petition addressing these additional claims by the petitioner, the undersigned declines to speculate about the application of the procedural default doctrine to those claims."). Accordingly, the undersigned respectfully recommends that the District decline to apply the doctrine of procedural default to Petitioner's unexhausted claim and deny Respondents' "Motion to Dismiss and for Summary Judgment."

**2.    Motion for Stay and Abeyance:**

In his "Motion for Stay and Abeyance and Alternative Motion for Dismissal, Without Prejudice, of § 2254 Habeas Petition," Petitioner first requests that the above matter be stayed "until he can exhaust all available remedies in the Circuit Court of Kanawha County, West Virginia and the West Virginia Supreme Court." (Document No. 27, pp. 1 - 5.) Petitioner concludes without presenting any facts in support that he has demonstrated good cause pursuant to Rhines. (Id.) In the alternative, Petitioner requests dismissal without prejudice. (Id.) Petitioner acknowledges that he will have 43 days remaining on his one year statute of limitation period if this Court dismisses the above action without prejudice. (Id.) Respondent failed to file a Response to Petitioner's above Motion.

In Rhines, the Supreme Court determined that when a State prisoner presents a mixed petition under § 2254, that is a petition containing claims that are both exhausted and unexhausted, the district Court may (1) dismiss the petition in its entirety; (2) order a stay and abeyance while the petitioner exhausts his claims in State Court; or (3) allow the petitioner to remove the unexhausted claim claims and proceed with the exhausted claims. Rhines v. Weber,

544 U.S. 269, 275-77, 125 S.Ct. 1528, 161 L.E.2d 440 (2005). The Supreme Court, however, cautioned that a "[s]tay and abeyance, if employed too frequently, has the potential to undermine" the twin purposes of the total exhaustion requirement and the limitation period. Id., 544 U.S. at 277, 125 S.Ct. at 1534. Specifically, the Supreme Court explained as follows:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Id., 544 U.S. at 277, 125 S.Ct. at 1535. Thus, a "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id.(noting that "if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim."); also see Demere v. Ballard, 2013 WL 5352950 (N.D.W.Va. Sept. 24, 2013)("this procedure is only appropriate where an outright dismissal could jeopardize the timeliness of a petitioner's collateral attack in federal court"); Kanode v. Waid, 2011 WL 2633645 (S.D.W.Va. July 5, 2011)("[T]he practice of staying a federal habeas case while a petitioner returns to state court to exhaust his claims should be used sparingly.").

Applying the Rhines standard to the facts of the instant case, the undersigned finds that a stay and abeyance is not warranted. The undersigned finds that the record does not support such a timeliness concern regarding the filing of Petitioner's Section 2254 Petition. Section 2244(d)(1)(A) provides that a Section 2254 *habeas* petition must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the

20

expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[4] The SCAWV

affirmed Petitioner's conviction and sentence on June 9, 2017. Petitioner did not file a Petition

for Writ of Certiorari in the United States Supreme Court, and therefore his conviction became

final under 28 U.S.C. § 2244(d)(1)(A) on September 8, 2017 (90 days after the SCAWV

affirmed his conviction and sentence). See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir.

2000). Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, the one-year statute

of limitation began to run on September 9, 2017, and Petitioner had until September 8, 2018, to

file a Section 2254 Application in the United States District Court, unless he first sought post-

conviction relief from the State courts. On October 31, 2017, Petitioner filed his *pro se* Petition

for Writ of *Habeas Corpus* in the Circuit Court of Kanawha County (Case No. 17-P-406), which

was 52 days after the statute of limitation period began to run. Accordingly, the one-year statute

of limitation period was tolled by Petitioner's State *habeas* proceedings. On July 2, 2019, the

Circuit Court of Kanawha County denied his *habeas* petition. Petitioner filed an appeal of the

---

[4] Title 28, United States Code, Section 2244(d)(1) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Circuit Court's denial of his *habeas* petition to the SCAWV. See Rule 5(f) of the West Virginia

Rules of Appellate Procedure. The SCAWV affirmed Petitioner's conviction and sentence on

February 19, 2021, and the mandate was issued on March 21, 2021. The limitation period thus

began to run again on March 22, 2021. The limitations period ran until December 17, 2021 (270

days), when Petitioner filed his second *pro se* Petition for Writ of *Habeas Corpus* in the Circuit

Court of Kanawha County (Case No. 21-P-435). The Court notes that Petitioner's second State

*habeas* petition is currently pending before the Circuit Court. Thus, the one-year statute of

limitation is currently tolled by Petitioner's second State *habeas* proceedings. Upon the

conclusion of Petitioner's State *habeas* proceedings, Petitioner will have approximately 43 days

in which to file a Section 2254 Petition in federal court.[5] The undersigned, therefore, finds that

Petitioner cannot establish good cause based upon the statute of limitations because dismissal

will not jeopardize the timeliness of Petitioner's Section 2254 Petition.[6] Accordingly,

undersigned recommends that Petitioner's "Motion for Stay and Abeyance" (Document No. 27)

be denied and Petitioner's "Motion for Dismissal Without Prejudice of § 2254 Petition"

(Document No. 27) be granted.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court

confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY**

Respondent's "Motion to Dismiss and for Summary Judgment" (Document No. 20), **DENY**

---

[5] Petitioner is hereby **NOTIFIED** that the calculations of the statute of limitations set forth in this Proposed Finding and Recommendation are not conclusively correct. It is Petitioner's responsibility to file his petition correctly and timely.

[6] Petitioner has clearly demonstrated his ability to calculate the one year limitation period. (See Document No. 27-19, p. 2.)

Petitioner's "Motion for Stay and Abeyance" (Document No. 27), **GRANT** Petitioner's "Motion for Dismissal Without Prejudice of § 2254 Petition" (Document No. 27), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to send a copy of the same Petitioner, who is acting *pro se*, and to counsel of record.

Dated: May 2, 2022.



Omar J. Aboulhosn
United States Magistrate Judge